UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCO PEREZ,
    Plaintiff,

v.                                                              NO. 21-CV-10607-MPK

M. LICON-VITALE,
PATRICIA RUZE,
JULIE FABREGAS-SCHINDLER,
    Defendants.

## ORDER PURSUANT TO FED. R. CIV. P. 4(m)

KELLEY, U.S.M.J.

On April 12, 2021, pro se plaintiff Marco Perez filed a civil rights complaint related to his medical care while in the custody of the Federal Bureau of Prisons at FCI Danbury and FMC Devens. (#1.)[1] In the caption of his complaint, Perez lists Amy Boncher and Patricia Ruze as defendants. In the body of his complaint, he does not list either Boncher or Ruze as defendants; rather, he lists M. Licon-Vitale and Julie Fabregas-Schindler. (#1 at 1-2.) In the caption of an attachment to his complaint (#1-1), Perez lists the Federal Bureau of Prisons and Ruze as defendants; in the body, he lists Boncher and Ruze as defendants. (#1-1 at 1.) Perez seeks monetary damages and requests that the court order his transfer to FCI Danbury for performance of a spinal surgery. (#1-1 at 5.) In an emergency motion (#2), Perez requests that the court order defendants to stop his deportation until the Federal Bureau of Prisons provides him with the spinal surgery. (#2 at 5.)

---

[1] Perez paid the filing fee. (#8.)

On April 13, 2021, the court issued summonses as to defendants Licon-Vitale, Ruze, and Fabregas-Schindler, and sent documents to Perez, including three copies of the summonses and a copy of Fed. R. Civ. P. 4. (##4-5.)

On April 13, 2021, the District Judge to whom the case was originally assigned issued an order indicating that the complaint appeared to be related to *Perez v. Licon-Vitale*, 20-CV-10930-MPK, and requesting that the parties notify the court if they consented to the re-assignment of the case to undersigned. (#6.) Also on April 13, 2021, an Assistant United States Attorney entered an appearance on behalf of defendant Licon-Vitale. (#7.) Perez and the Assistant United States Attorney submitted forms indicating that they consented to the jurisdiction of a Magistrate Judge. (##9, 9-1.) On April 21, 2021, the case was re-assigned to undersigned. (#10.) On June 9, 2021, Perez notified the court that he was transferred to the Donald W. Wyatt Detention Facility. (#11.) Perez has filed nothing further. In particular, he has not filed proof of service of the summonses and complaint on defendants.

Fed. R. Civ. P. 4(c)(1) states that "[a] summons must be served with a copy of the complaint" and that plaintiff "is responsible for having a summons and complaint served within the time allowed by" Fed. R. Civ. P. 4(m). Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period….

Fed. R. Civ. P. 4(l)(1) states that "[u]nless service is waived, proof of service must be made to the court."[2]

---

[2] Local Rule 4.1(a) provides: "Any summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purposes of Fed. R. Civ. P. 4(m)." *Id*. Local Rule 4.1(b) provides, in part:

In the unique circumstances of this case, the court will exercise its discretion under Fed. R. Civ. P. 4(m) to order that service be made within a specific time. *Compare Martello v. United States*, 133 F. Supp. 3d 338, 346-349 (D. Mass. 2015) (rejecting government's argument that Local Rule 4.1(b) mandated dismissal of case and exercising discretion under Rule 4(m) to extend time for service in absence of good cause where government had actual notice of litigation and, if case were dismissed, former prisoner would be barred from seeking relief for injuries by statute of limitations); *Johnson v. Boston Public Schools*, No. 15-CV-10026-ADB, 2018 WL 1188747, at *3 n. 4 (D. Mass. Mar. 7, 2018) (under Rule 4(m), ordering plaintiff, *sua sponte*, to properly serve defendants within specific time).[^]

Plaintiff Marco Perez is hereby notified that the complaint will be dismissed without prejudice to re-filing unless he files the required proof of service of the summonses on defendants **on or before August 26, 2021**.

Plaintiff is reminded that detailed instructions for properly serving the United States and its agencies, corporations, officers, or employees are set forth in Fed. R. Civ. P. 4(i).

Plaintiff is further reminded that, at his request, the court may order that service be made by a United States Marshal, a deputy marshal, or a person specially appointed by the court. *See* Fed. R. Civ. P. 4(c)(3).

---

[^]: Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit. If on the 14th day following the expiration of the 90-day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without waiting any further order of the court….

    *Id*.

The Clerk's Office is directed to re-send to plaintiff a copy of the docket sheet; three copies of the summonses issued (#4); a copy of Fed. R. Civ. P. 4; a copy of the complaint (#1); and, a copy of the emergency motion (#2). *See* #5.

July 27, 2021

/s/ M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge